IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PURDUE PHARMA L.P. and PURDUE PHARMACEUTICALS L.P., § § § | | |
| *Plaintiffs*, § § | | |
| v. § | § | Civil Action No. 22-913-WCB |
| ACCORD HEALTHCARE INC., § § | | |
| *Defendant*. § § | | |

**FINAL PRETRIAL ORDER**

The parties have submitted a Proposed Pretrial Order, Dkt. No. 86, which the court reviewed and discussed with the parties at the pretrial conference held on February 2, 2024. The court adopts the parties' Joint [Proposed] Pretrial Order (JPPTO) as the court's Final Pretrial Order except as modified in the following respects:

1. Paragraph 36 is modified to provide that counsel will deliver a completed AO Form 187 exhibit list for each party and the exhibit lists to the court's law clerk on or before the first day of trial.

2. Paragraph 37 is revised to read as follows: "Each party reserves the right to object to the admission of any evidence offered by the other party, at the time such evidence is offered, in view of the specific context in which such evidence is offered, but only if such context is not reasonably foreseeable. All other objections to the admissibility of evidence shall be raised beforehand, pursuant to the provisions of the Revised Scheduling Order, Dkt. No. 83."

3. Paragraph 38. The second sentence is revised to read: "The parties reserve the right to object on evidentiary grounds to any such exhibit if used at trial."

1

4. Paragraph 40.  This paragraph is omitted.

5. Paragraph 52.  This paragraph is revised to read:  "Once a witness is under examination, whether direct, cross, or redirect examination, that witness is forbidden from discussing his or her testimony, including during breaks during the trial day and overnight, with counsel or any representative of either party."

6. Paragraph 63.  The court needs only one copy of the deposition or prior transcript.

7. Paragraph 72.  This paragraph is revised to read:  "Objections will be permitted to the use of deposition and other prior testimony for impeachment purposes, including objections based on lack of completeness and/or lack of inconsistency."

6. Paragraph 73.  This paragraph is revised to read:  "The parties may object to expert testimony as beyond the scope of expert disclosures."

7. Paragraph 74.  Subparagraph a. is revised to read:  "The parties may submit written opening statements of up to 15 pages in length by Friday, February 9, at 5:00 PM, ET."

8. Paragraph 74.  Subparagraph d. is revised to read:  "Accord's Rebuttal case on invalidity, including addressing objective evidence of nonobviousness."

9. Paragraph 77.  The second sentence is revised to read:  "Any objections that cannot be resolved may be raised with the court on that day by email to the court and the court's law clerk.  Any briefing relating to the dispute will be limited to simultaneously emailed letter briefs no more than three pages in length each, also emailed to the court and the court's law clerk no later than 8:00 PM ET.  The court will resolve the dispute that evening or prior to the beginning of trial the following day.  Any other disputes that arise following adjournment on subsequent days will be governed by the same procedure."

      10.  Paragraph 87.  The final two sentences are revised to read:  "Following the close of the evidence, the court will direct the parties to file proposed findings of fact and conclusions of law.  Closing arguments in the case will be held after receipt of the proposed findings of fact and conclusions of law on a date to be scheduled convenient for the parties and the court."

      The remaining portions of the JPPTO are adopted and incorporated as parts of the court's final pretrial order.

      IT IS SO ORDERED.

      SIGNED this 2d day of February, 2024.

_____
WILLIAM C. BRYSON
UNITED STATES CIRCUIT JUDGE