**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| PURDUE PHARMA L.P., and<br>PURDUE PHARMACEUTICALS L.P.,<br><br>               Plaintiffs,<br><br>      v.<br><br>ACCORD HEALTHCARE INC.,<br><br>               Defendant. | C.A. No. 1:22-913(WCB)<br><br>**PUBLIC VERSION** |

**JOINT [PROPOSED] PRETRIAL ORDER**

## TABLE OF CONTENTS

I.      NATURE OF THE ACTION ................................................................................2

II.     JURISDICTION AND CONTROLLING AUTHORITY .................................................4

III.    FACTS ..........................................................................................................5

        A.      Uncontested Facts ...............................................................................5

        B.      Contested Facts ...................................................................................5

IV.     ISSUES OF LAW ..............................................................................................5

V.      EXHIBITS ......................................................................................................6

        A.      Exhibits ..............................................................................................6

        B.      Demonstratives to be Used During Direct Examination of Witnesses .................9

VI.     WITNESSES TO BE CALLED .............................................................................10

        A.      List of Witnesses Expected to be Called.............................................11

        B.      Testimony by Deposition or Prior Trial Testimony.................................12

        C.      Impeachment with Prior Inconsistent Testimony ...................................14

        D.      Objections to Expert Testimony ..........................................................14

VII.    ORDER OF PRESENTATION AND SCHEDULE FOR IDENTIFICATION
        OF WITNESSES, EXHIBITS, AND DEMONSTRATIVES ...........................................14

VIII.   STATEMENT OF INTENDED PROOF....................................................................17

IX.     STATEMENT BY COUNTERCLAIMANTS OR CROSS-CLAIMANTS ....................17

X.      TYPE OF TRIAL..............................................................................................17

XI.     LENGTH OF TRIAL..........................................................................................17

XII.    AMENDMENTS TO THE PLEADINGS ..................................................................18

XIII.   SETTLEMENT .................................................................................................18

XIV.    OTHER MATTERS (LR 16.3(c)(13))...................................................................18

        A.      Motions in Limine...............................................................................18

B.     Damages............................................................................................................18

C.     Protective Order and Corporate Representatives in the Courtroom ......................18

Plaintiffs Purdue Pharma L.P. ("Purdue Pharma") and Purdue Pharmaceuticals L.P. ("Purdue Pharmaceuticals") (collectively, "Purdue") and Defendant Accord Healthcare Inc. ("Defendant" or "Accord"), by their undersigned counsel, collectively submit this proposed Joint Proposed Pretrial Order pursuant to D. Del. L.R. 16.3.  A Pretrial Conference in this matter is scheduled for February 2, 2024, at 9:00 AM. A **bench (non-jury)** trial has been scheduled to commence before the Honorable William C. Bryson, on February 12, 2024 (at 8:30 AM), and end on February 14, 2024.[1]

**Plaintiffs' Counsel:**

Plaintiffs are represented by John J. Normile (Jjnormile@jonesday.com), Gasper J. LaRosa (Gjlarosa@jonesday.com), Kevin V. McCarthy (Kmccarthy@jonesday.com), and Sarah A. Geers (Sgeers@jonesday.com) of Jones Day, 250 Vesey Street, New York, NY 10281, Jason G. Winchester (JWinchester@jonesday.com) of Jones Day, 110 N. Wacker Drive, Chicago, IL 60606; Pablo D. Hendler (Phendler@potomaclaw.com) of Potomac Law Group, 1177 Avenue of the Americas, 5th Floor, New York, NY 10036, and Jack B. Blumenfeld (Jblumenfeld@morrisnichols.com), Rodger D. Smith II (Rsmith@morrisnichols.com), Megan E. Dellinger (Mdellinger@morrisnichols.com), and Travis J. Murray (Tmurray@morrisnicholes.com) of Morris, Nichols, Arsht & Tunnell LLP, 1201 North Market Street, P.O. Box 1347, Wilmington, DE 19899.

**Defendant's Counsel:**

Defendant is represented by Alejandro Menchaca (Amenchaca@mcandrews-ip.com), Rajendra Chiplunkar (RChiplunkar@mcandrews-ip.com), Ben J. Mahon (Bmahon@mcandrews-ip.com), and Brad Loren (Bloren@mcandrews-ip.com) of McAndrews, Held & Malloy, Ltd. 500

---

[1] The parties expect that trial will conclude by February 13.

1

West Madison Street, 34th Floor, Chicago, IL 60661, as well as Benjamin J. Schladweiler (Schladweilerb@gtlaw.com) and Renee Mosley Delcollo (renee.delcollo@gtlaw.com) of Greenberg Traurig, LLP 222 Delaware Avenue, Suite 1600, Wilmington, DE 19801.

## I.     NATURE OF THE ACTION

1.    This is an action for patent infringement under the patent laws of the United States, Title 35, United States Code, brought pursuant to the Hatch-Waxman Act and Declaratory Judgment Act. The action arises out of the filing by Defendant with the U.S. Food & Drug Administration ("FDA") of Abbreviated New Drug Application ("ANDA") No. 213564, pursuant to the Federal Food, Drug and Cosmetic Act ("FDCA"), seeking approval for generic versions of Plaintiffs' OxyContin® drug product pursuant to 21 U.S.C. § 355(j) prior to the expiration of the patents-in-suit: U.S. Patent Nos. 11,304,908 ("908 patent") and 11,304,909 ("909 patent"). The 908 and 909 patents have been listed in the FDA's publication *Approved Drug Products with Therapeutic Equivalence Evaluations* ("Orange Book") as covering Purdue's OxyContin®, which is the subject of approved NDA No. 022272.

2.    OxyContin® is an extended-release pain medication containing oxycodone hydrochloride as its active pharmaceutical ingredient ("API").

3.    Plaintiff Purdue Pharma is the holder of New Drug Application ("NDA") No. 022272 for OxyContin® (oxycodone hydrochloride) tablets in 10 mg, 15 mg, 20 mg, 30 mg, 40 mg, 60 mg and 80 mg dosage strengths, and is an owner of the patents-in-suit.

4.    Plaintiff Purdue Pharmaceuticals is an owner of the patents-in-suit and is involved in the manufacture of OxyContin®

5.    On or about August 24, 2020, Accord filed ANDA No. 213564 ("Accord's ANDA") with the FDA under 21 U.S.C. § 355(j) to obtain FDA approval for the commercial manufacture,

use, import, offer for sale, and/or sale in the United States of oxycodone hydrochloride tablets in the 10 mg, 15 mg, 20 mg, 30 mg, 40 mg, 60 mg and 80 mg dosage strengths ("Accord's Generic Products" or "Accord's ANDA Products"), which are generic versions of Plaintiffs' OxyContin® (oxycodone hydrochloride) Tablets. Accord's ANDA, and all amendments, supplements, and related FDA submissions and correspondence to/from the FDA, are, collectively, referred to as "Accord's ANDA."

6.   Accord's ANDA included a certification pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) ("Paragraph IV certification") alleging, *inter alia*, that the patents-in-suit listed in the Orange Book as covering OxyContin® were "invalid, unenforceable, and/or not infringed by the commercial manufacture, use or sale of" the drug products described in Accord's ANDA.

7.   In a letter dated May 26, 2022, which is described as being a "Notice of Paragraph IV Certification" (a "Paragraph IV notice letter"), Accord advised Plaintiffs of Accord's ANDA and Paragraph IV certification alleging, *inter alia*, that the 908 and 909 patents were invalid, unenforceable, and/or not infringed.[2]

8.   On July 8, 2022, Plaintiffs filed a complaint in the instant action against Accord for patent infringement of the patents-in-suit.  (D.I. 1.)    Plaintiffs commenced this action within the 45-day period after receiving the Paragraph IV notice letter, as described in 21 U.S.C. § 355(j)(5)(B)(iii).

9.   Accord filed an Answer to Plaintiffs' Complaint on August 12, 2022, denying infringement of the asserted patents and alleging that the claims of those patents are invalid. Accord concurrently filed counterclaims seeking a declaration that its ANDA Products would not

---

[2] The 908 and 909 patents had not yet issued when Accord's filed its ANDA and original Paragraph IV Notice Letter.

infringe any valid or enforceable claim of the asserted patents and that the asserted claims of those patents are invalid.

10. Plaintiffs filed answers to Accord's counterclaims on September 2, 2022.

11. On October 25, 2022, Accord stipulated to infringement of the asserted claims of each of the 908 and 909 patents and that the commercial sale, offer for sale, use, importation, and/or manufacture of Defendant's ANDA Products would infringe, induce infringement of, and/or contribute to the infringement of one or more claims of each of the 908 and 909 patents. Accord's stipulation of infringement applies to the asserted claims of the patents-in-suit.  Thus, the only issue left for trial is the validity of the asserted claims of those patents.

12. Plaintiffs have narrowed the asserted claims to be presented at trial to the following claims:

- Claims 1, 10, 18, 23, 28, and 29 of the 908 patent.

13. Accord asserts that each of the asserted claims is invalid under collateral estoppel and obviousness; and in the alternative is invalid for lack of written description and enablement.[3]

14. With respect to obviousness, Accord has narrowed its defenses to the following:  the asserted claims are invalid as obvious over Bartholomaus as it would have been obvious to use "subsequent heating" as taught by Bartholomaus using a convection oven, pan coater, or fluid bed dryer.

## II.   JURISDICTION AND CONTROLLING AUTHORITY

15. This is an action for alleged patent infringement brought pursuant to the Hatch-Waxman Act, codified as amended at 21 U.S.C. § 355(j), and under 35 U.S.C. § 271(a)-(c), (e) and the Declaratory Judgment Act.

---

[3] Accord has withdrawn its defenses and claims with respect to the patent claims that are no longer asserted.

16. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

17. The subject matter jurisdiction of the Court is not disputed. No party contests personal jurisdiction for purposes of this action.

18. No party contests venue for purposes of this action.

19. No party contests Plaintiffs' standing for purposes of this action, and the parties agree that no proof of standing need to be adduced at trial.

III.   **FACTS**

    A.   **Uncontested Facts**

20. The parties' Joint Statement of Uncontested Facts is attached as Exhibit 1. These facts are not disputed or have been agreed to or stipulated by the parties. These facts do not require proof at trial, and are part of the evidentiary record in this case.

21. The parties agree that, to streamline witness examinations at trial, it would be beneficial to continue to meet and confer regarding additional joint uncontested facts.  To the extent the parties are able to reach agreement regarding any additional uncontested facts, such additional uncontested facts will be provided to the Court before trial commences.

    B.   **Contested Facts**

22. Plaintiffs' Statement of Issues of Fact That Remain to Be Litigated is attached as Exhibit 2P.

23. Defendant's Proposed Findings of Fact is attached as Exhibit 2D.

IV.   **ISSUES OF LAW**

24. Plaintiffs' Statement of Issues of Law That Remain to Be Litigated is attached as Exhibit 3P.

25. Defendant's Statement of Issues of Law That Remain to Be Litigated is attached as Exhibit 3D.

## V.     EXHIBITS

### A.     Exhibits

26. The parties' joint exhibit list is attached as Exhibit 4J. Joint exhibits shall be identified with JTX numbers. Any party may use an exhibit on the Joint Exhibit List.

27. Plaintiffs' list of exhibits that Plaintiffs may offer at trial, except demonstrative exhibits and exhibits to be used solely for cross-examination, and Defendant's objections thereto, are attached as Exhibit 4P. Plaintiffs' trial exhibits will be identified with PTX numbers; Plaintiffs' demonstrative exhibits will be identified with PDX numbers.

28. Defendant's list of exhibits that Defendant may offer at trial, except demonstrative exhibits and exhibits to be used solely for cross-examination, and Plaintiffs' objections thereto, are attached as Exhibit 4D. Defendant's trial exhibits will be identified with DTX numbers; Defendant's demonstrative exhibits will be identified with DDX numbers.

29. The parties will offer at trial one or more of the exhibits set forth in their respective exhibit lists. These lists include the exhibit numbers to be used at trial and a description sufficient to identify the exhibits, which is provided for convenience only and shall not be used as an admission or otherwise as evidence regarding the listed document or any other listed document. These exhibit lists may include exhibits that may not necessarily be offered or introduced into evidence.

30. The parties agree that joint exhibits, and exhibits on one party's list to which the other party has not provided an objection, will be automatically admitted if formally moved, provided a witness testifies about and identifies the exhibit on the record at trial, but without the need for fact-

6

witness testimony to establish that the document is authentic or a record made and kept in the regular course of business.

31. Each party may use an exhibit that is listed on the other side's exhibit list, to the same effect as though it were listed on its own exhibit list, subject to evidentiary objections. Any exhibit, once admitted at trial, may be used equally by any party, subject to any limitations as to its admission into evidence and the Federal Rules of Evidence. The listing of a document on a party's exhibit list is not an admission that such document is relevant or admissible when offered by the opposing party for the purpose that the opposing party wishes to admit the document.

32. The parties agree that either side may offer into evidence the opposing sides' discovery responses (subject to evidentiary objections) and do not need to list such documents on the exhibit list. Certified translations of exhibits listed on the exhibit list may be offered and received in evidence along with the original exhibit unless a genuine question has been raised as to the accuracy of the translation. The parties represent that their exhibits lists are believed to be complete and reflect their good faith efforts to encompass the exhibits they intend to introduce at trial. The parties, however, reserve the right to supplement these exhibit lists, with sufficient and reasonable notice to the other side, and subject to objections by the other side.

33. Absent agreement between the parties and/or order by the Court, no exhibit will be admitted unless offered into evidence through a witness, who must at least be shown the exhibit. At some point before the close of a phase of the case, any party that has used an exhibit with the witness and wishes that exhibit to be admitted into evidence must formally move the exhibit into evidence, by exhibit number. However, the patents-in-suit and file histories for the patents-in-suit may be received into evidence without presentation to a witness. Failure to raise an objection to an exhibit at trial shall be considered a waiver of said evidentiary objection.

34. Exhibits not objected to will be received into evidence by the operation of the Final Pretrial Order without the need for additional foundation testimony, provided they are shown to a witness in conformance with Paragraph 32 above.

35. The parties shall provide notice of the exhibits (other than exhibits used solely for cross-examination) they expect to use with a witness on direct examination pursuant to § VII below.

36. On or before the first day of trial, counsel will deliver to the Courtroom Deputy a completed AO Form 187 exhibit list for each party and the listed exhibits.

37. The listing of a document on a party's exhibit list is not an admission that such document is relevant or admissible when offered by the opposing side for the purpose that the opposing side wishes to admit the document. Each party reserves the right to object to the relevancy and admissibility of any evidence offered by the other party, at the time such evidence is offered, in view of the specific context in which such evidence is offered.

38. The parties agree that exhibits to be used solely for cross-examination need not be included on the list of trial exhibits or disclosed in advance of being used at trial. The parties reserve the right to object on evidentiary or discovery grounds to any such exhibit if used at trial.

39. Legible copies of documents may be offered and received into evidence to the same extent as an original unless a genuine question is raised as to the authenticity of the original, or in the circumstances it would be unfair to admit the copy in lieu of the original. Legible copies of United States and foreign patents, and the contents of associated file histories, may be offered and received into evidence in lieu of certified copies thereof, subject to all other objections that might be made to admissibility of certified copies.

40. The parties shall make available for inspection any physical exhibits to be used at trial, labeled with the exhibit number. Access to the opposing side's physical exhibits shall be at such time and place and under such circumstances as are reasonable and mutually agreed to.

41. Except for such exhibits to be used solely for cross-examination, a party may not introduce at trial any exhibit not appearing on its list or on any other party's list absent good cause shown and unless the Court determines that the interests of justice so warrant.

42. The parties' exhibit lists identify the basis for the other party's objection, if any, to each listed exhibit, with citations to the Federal Rules of Evidence or other appropriate basis. Any objections not included by a party on the other party's exhibit list are waived by that party and cannot be raised at trial.

43. The parties agree that the following categories of documents shall be deemed prima facie authentic:

      a.      All responses to Interrogatories and Requests for Admission and all documents cited therein; and

      b.      All exhibits to and documents cited in expert reports.

**B.      Demonstratives to be Used During Direct Examination of Witnesses**

44. The demonstratives the parties intend to use at trial do not need to be described on their respective lists of trial exhibits.

45. For each direct examination, a party shall provide demonstrative exhibits (in color, and on 8.5 × 11 inch paper or larger, or in electronic pdf form, with the exception of animations, for which a download link must be provided) with an indication of the witness(es) with whom the subject demonstrative exhibit may be used to opposing counsel. Parties shall serve demonstratives to be used with each witness with their list of exhibits to be used pursuant to § VII below.

46. Each demonstrative exhibit shall clearly indicate on its face, if practicable, all information sources (including, if available, all trial exhibit numbers) that form the basis of the demonstrative exhibit.  If not practical on the face of the demonstrative exhibit itself, then an identification of the sources shall accompany the demonstrative exhibit.

47. This provision does not apply to highlighting, ballooning, arrowing, call-outs, etc. of exhibits or testimony, which are not required to be provided to the other side in advance of their use.

## VI.     WITNESSES TO BE CALLED

48. The parties agree that fact witnesses will be sequestered, including for opening statements. The parties agree that expert witnesses need not be sequestered.

49. The parties shall provide notice of the witnesses they expect to call, including the order in which the party intends to call the witnesses, pursuant to § VII below.

50. For the convenience of witnesses, the parties, and to streamline presentation for the Court, fact witnesses will testify only once—barring a showing of good cause—and therefore cross-examination of all fact witnesses may exceed the scope of direct examination so long as the evidence would be otherwise able to be presented in a party's case in chief. The parties agree that this provision applies to witnesses who testify live and by deposition designation.

51. The listing of a witness on a party's witness list does not require that party to call that witness to testify, either in person or by deposition.

52. An offering party may discuss with a witness his or her testimony while on direct examination, including during adjournments in the trial, including breaks during the trial day and overnight.  An offering party may not discuss with a witness his or her testimony while the witness is on cross-examination, including during adjournments in the trial, including breaks during the

trial day and overnight.  Once cross-examination of the witness is concluded and the witness is passed for re-direct examination, the offering party may discuss with the witness his or her testimony on re-direct examination.

53. The parties will exchange final witness lists identifying which witness(es) will appear live at least one week before trial is scheduled to begin (i.e., by 5:00 PM, Monday, February 5, 2024).

54. If a party decides to play less than all of the designated testimony for a witness at trial, or to include less than all of its counter-designations, the opposing party may use such dropped testimony as counter-designations or counter-counter-designations to the extent the usage of such testimony in such manner is otherwise consistent with Fed. R. Evid. 106, Fed. R. Civ. P. 32, and any other applicable Federal Rule of Evidence or Rule of Civil Procedure.  Similarly, if a party decides to play less than all of the designated testimony for a witness at trial, a party may present its counter-designation testimony in response to other specified affirmative testimony by the opposing party, or re-designate its counter-designated testimony affirmatively, or designate testimony identified as affirmative testimony in this order as a counter-designation or counter-counter designation to the extent the usage of such testimony in such manner is otherwise consistent with Fed. R. Evid. 106, Fed. R. Civ. P. 32, and any other applicable Federal Rule of Evidence or Rule of Civil Procedure.

## A.      List of Witnesses Expected to be Called

55. Plaintiffs' List of Witnesses is attached as Exhibit 5P. Defendant's Objections to Plaintiffs' List of Witnesses is attached as Exhibit 5P.

56. Defendant's List of Witnesses is attached as Exhibit 5D. Plaintiffs' Objections to Defendant's List of Witnesses is attached as Exhibit 5D.

57. Any witness not listed in the above exhibits will be precluded from testifying, absent good cause shown. Such good cause shall include, but is not limited to, testimony required to authenticate any documents subject to an authenticity objection.

**B.      Testimony by Deposition or Prior Trial Testimony**

58. The deposition or previous trial testimony that Plaintiffs may offer into evidence, along with Defendant's objections and counter-designated testimony, is identified in Exhibit 6P.

59. The deposition or previous trial testimony that Defendant may offer into evidence, along with Plaintiffs' objections and counter-designated testimony, is identified in Exhibit 6D. This pretrial order contains the maximum universe of deposition designations or prior trial testimony designations, which shall not be supplemented without approval of all parties or leave of the Court, on good cause shown. Testimony relied upon by experts, however, need not be designated in advance.

60. The party offering testimony (other than for the purpose of impeachment) shall identify the testimony to be offered from previously exchanged designations pursuant to § VII below.

61. To the extent that designations are admitted into evidence, they must either be played by video or read in open court.  The party originally designating the testimony shall be responsible for making any video for that witness, including any designations or counter-designations by the other party. If a party opts to introduce testimony, any counter-designation of that same witness's testimony will be played or read consecutively in the sequence in which the testimony was originally given at deposition.

62. All irrelevant material, including colloquy between counsel, requests to have the court reporter read back a question, and objections, may be eliminated when the testimony is played or

read at trial. By 9 p.m. the night before the video is to be played, the party offering the witness will provide a copy of the video and/or transcript containing both parties' designations.

63. When the witness is called to testify by deposition or prior transcript at trial, the party calling the witness shall provide the Court with two copies of the transcript of the designations and counter designations that will be played. Each side shall be charged only with the time needed to play its own designations or counter-designations, such allocations to be provided to the Court's deputy at the time the deposition testimony is played.

64. No deposition or prior trial testimony may be presented for any witness testifying live, except for purposes of impeachment.

65. Copies of exhibits referred to during the introduction of testimony may be offered into the trial evidence record to the extent admissible in accordance with the procedures of paragraph 30.

66. If applicable, a party's designation of a page and line from a particular transcript shall be automatically deemed to include any errata indicated for that page and line in the attached errata sheets, unless otherwise indicated.  Prior to the introduction of deposition designations, counsel for the introducing party may provide a short introduction to the Court about the identity of the witness and subject matter of the deposition testimony, which introductions the parties agree are not evidence and the time for which will be charged against that party.

67. The above procedures regarding deposition designations do not apply to portions of transcripts and/or video used for impeachment or cross-examination of a witness.  Any testimony may be used at trial for the purpose of impeachment, regardless of whether a party specifically identified that testimony on its list of designations, if the testimony is otherwise competent for such purpose.

68. Plaintiffs and Defendant each reserve the right to offer testimony designated by the other side (whether as a designation or a counter-designation), even if not separately listed on their own respective designation lists, subject to evidentiary objections.

69. Any deposition testimony to be used at trial may be used whether or not the transcripts of such deposition have been signed and filed.

70. To the extent a party does not call a witness on their list of witnesses who will be called to testify live, the opposing party reserves the right to submit designated testimony in accordance with § VI.B. above from that witness at trial, so long as such testimony has been designated by the opposing party.

71. The listing of a designation does not constitute an admission as to the admissibility of the testimony nor is it a waiver of any applicable objections.  However, any objections not included by a party on the other party's witness or deposition designation lists are waived by that party and cannot be raised at trial.

### C.      Impeachment with Prior Inconsistent Testimony

72. The parties request that objections be permitted to the use of deposition and other prior testimony for impeachment purposes, including objections based on lack of completeness and/or lack of inconsistency.

### D.      Objections to Expert Testimony

73. The parties request that the Court address at trial any objections to expert testimony as beyond the scope of expert disclosures.

## VII.   ORDER OF PRESENTATION AND SCHEDULE FOR IDENTIFICATION OF WITNESSES, EXHIBITS, AND DEMONSTRATIVES

74. The order of presentation at trial shall be as follows:

a.      Subject to the Court's preferences, the parties propose to submit three (3) page opening statements[4] three (3) days before trial in lieu of oral opening statements.

b.      Accord's Case-in-chief on invalidity, including any objective evidence that Accord alleges supports invalidity;

c.      Plaintiffs' Rebuttal case on validity, including objective evidence that Plaintiffs allege supports validity; and

d.      Accord's Rebuttal case on Plaintiffs' objective evidence of nonobviousness.

Accord's experts that testify in its case-in-chief may testify in rebuttal, but limited to responding to Plaintiffs' objective evidence of nonobviousness.

75. Unless otherwise agreed by the parties, the parties shall disclose by electronic mail and/or electronic media (for large exhibits and any videos or animations to be offered) the following, according to the schedule set forth in paragraph 76:

a.      A list of the witnesses that the party will call to testify live or by deposition or transcript on that day, in the order that they will be called;

b.      A list of the designations for a witness that is to be called by deposition or transcript on that day,

c.      A list of any exhibits, including any physical exhibits, that the party intends to use during the direct examination of each witness by witness and exhibit number;

d.      A copy of any demonstratives (in color if in color, and with animations, if applicable) that the party intends to use during the direct examination for a witness that day, by witness; and

---

[4] 12 point font, double spaced.

      e.      A good-faith estimate of when the party intends to conclude its examinations.

76. The time for exchange shall be as follows:

| Event | Time for Exchange | Time for Objections and Counterdesignations |
|---|---|---|
| All materials used in Accord's case-in-chief | 12:00 PM ET Friday, February 9 | 5:00 PM ET Friday, February 9 |
| All materials used in Purdue's case-in-chief | 12:00 PM ET Saturday, February 10 | 5:00 PM ET Saturday, February 10 |
| All materials used in Accord's rebuttal to Purdue's objective evidence | 12:00 PM ET Sunday, February 11 | 5:00 PM ET Sunday, February 11 |

77. Unless otherwise agreed by the parties, the parties shall meet and confer by 7:00 PM ET the day such objections are received in an effort to resolve any objections. Any objections that cannot be resolved may be raised with the Court at the Court's convenience.

78. The advance notification provisions for demonstrative exhibits do not apply to demonstrative exhibits to be used for cross-examination, which do not need to be provided to the other side in advance of their use.

79. The advance notification provisions for exhibits do not apply to exhibits to be used during cross-examination.

80. The party originally designating the deposition testimony shall be responsible for making the video for that witness, including any designations or counter-designations by the other party. All irrelevant material, including colloquy between counsel, requests to have the court reporter read back a question, and objections, may be eliminated when the deposition is played at trial. By 9 p.m. the night before the video is to be played, the party offering the witness will provide a copy of the video and/or transcript containing both parties' designations.

## VIII.   STATEMENT OF INTENDED PROOF

81. Plaintiffs' Brief Statement of Intended Proofs is attached as Exhibit 7P.

82. Defendant's Brief Statement of Intended Proofs is attached as Exhibit 7D.

## IX.   STATEMENT BY COUNTERCLAIMANTS OR CROSS-CLAIMANTS

83.  Defendant originally asserted counterclaims of non-infringement and invalidity with respect to the patents-in-suit.  As discussed above, Defendant has since stipulated to infringement of the asserted claims of the patents-in-suit.  As a result, Defendant withdrew its non-infringement defenses and counterclaims.

84. As also discussed above, Plaintiffs have narrowed the asserted claims to be presented at trial.  Defendant has withdrawn its defenses and counterclaims with respect to those asserted claims that will not be presented at trial.

85. There are no crossclaims in this case.

## X.   TYPE OF TRIAL

86. This is a bench (non-jury) trial.

## XI.   LENGTH OF TRIAL

87. A bench trial is set to begin on February 12, 2024, at 8:30 a.m. and end on February 14, 2024.  The trial will be timed; each side will be allotted 10 hours in which to present their respective cases.   Unless otherwise ordered, time will be charged to a party for its own presentations or examinations, including a party's opening statement, direct and redirect examinations of witnesses it calls (including by designation), cross examination of witnesses called by any other party (including by designation), or otherwise speaking or arguing on behalf of a party.  Subject to the Court's preference, the parties do not anticipate presenting closing arguments

17

at the close of the evidence. The parties propose presenting closing arguments (1 hour each side) after post-trial briefing is completed, on a date to be scheduled that is convenient for the Court.

## XII.   AMENDMENTS TO THE PLEADINGS

88. The parties do not seek to amend the pleadings.

## XIII.   SETTLEMENT

89. The parties hereby certify that they have engaged and are continuing to engage in a good faith effort to explore the resolution of the controversy by settlement. Thus far the parties have been unable to reach a settlement; however, the parties remain open to further continuing such discussions.

## XIV.   OTHER MATTERS (LR 16.3(c)(13))

### A.   Motions in Limine

90. Plaintiffs' in limine motion, along with Defendant's opposition thereto and Plaintiffs' reply, are attached as Exhibit 8P.

91. Defendant did not file any motion in limine.

### B.   Damages

92. The parties do not intend to seek damages at this time, except all parties reserve the right to seek attorneys' fees, costs, and expenses pursuant to 35 U.S.C. § 285.  Plaintiffs reserve the right to seek damages if the Accused Products are manufactured, used, sold, offered for sale, or imported prior to the expiration date of any of the patents-in-suit.

### C.   Protective Order and Corporate Representatives in the Courtroom

93. The Court has entered a Stipulated Protective Order to protect "information, whether oral or in documentary or other tangible form, so designated by any Producing Party that it reasonably and in good faith believes is of the type protectable under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure or is required to be kept confidential by law or by agreement with

a third party or otherwise" and "information … which the Producing Party reasonably believes to be so competitively sensitive that it is entitled to extraordinary protections."  (D.I. 21 at ¶ 2(a).)

94. The presentation of evidence at trial will take place in open court, unless a party or Producing Party requests and the Court grants the request to close the courtroom during presentation of certain portions of the evidence.

95. The parties shall disclose the proposed use of any information designated Highly Confidential by any nonparty Producing Party to that Producing Party by 9:00 AM ET two calendar days before the proposed use in the courtroom.  The nonparty Producing Party shall make any request to close the courtroom during presentation of such information within 24 hours of such disclosures.  If no such request is timely made, the presentation of such information will take place in open court.

96. The parties have agreed that the individuals designated as a Qualified Person under the Protective Order, or other person agreed to by the parties, may attend any closed portion of the trial.

**IT IS HEREBY ORDERED** that this Final Pretrial Order shall control the subsequent course of the action, unless modified by the Court to prevent manifest injustice.


DATED: _____


_____
UNITED STATES CIRCUIT JUDGE SITTING BY DESIGNATION

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ Megan E. Dellinger
Jack B. Blumenfeld (#1014)
Rodger D. Smith II (#3778)
Megan E. Dellinger (#5739)
Travis J. Murray (#6882)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@morrisnichols.com
rsmith@morrisnichols.com
mdellinger@morrisnichols.com
tmurray@morrisnichols.com

*Attorneys for Plaintiffs*

Dated: January 29, 2024

GREENBERG TRAURIG LLP

/s/ Benjamin J. Schladweiler
Benjamin J. Schladweiler (#4601)
Renée Mosley Delcollo (#6442)
222 Delaware Avenue, Suite 1600
Wilmington, DE  19801
(302) 661-7352
schladweilerb@gtlaw.com
renee.delcollo@gtlaw.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on January 29, 2024, true and correct copies of the foregoing

documents were caused to be served upon the following in the manner indicated:

**VIA ELECTRONIC MAIL:**

Jack B. Blumenfeld
Rodger D. Smith II
Megan E. Dellinger
Travis J. Murray
Morris, Nichols, Arsht & Tunnell LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899

**VIA ELECTRONIC MAIL:**

Pablo D. Hendler
Potomac Law Group
1177 Avenue of the Americas 5th Floor
New York NY 10036

**VIA ELECTRONIC MAIL:**

John J. Normile
Gasper J. LaRosa
Sarah A. Geers
Kevin V. McCarthy
Jones Day
250 Vesey Street
New York, NY 10281-1047

**VIA ELECTRONIC MAIL:**

Jason G. Winchester
Jones Day
77 West Wacker Drive
Chicago, IL 60601
(312) 269-4373

*/s/ Benjamin J. Schladweiler*
Benjamin J. Schladweiler (#4601)